**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                               Case No. 11-20777

ANTHONY VAN,

    Defendant.
                                                 /

**OPINION AND ORDER DENYING PLAINTIFF'S "EMERGENCY MOTION
FOR STAY OF VOLUNTARY SURRENDER DATE"**

Defendant Anthony Van pleaded guilty to making a false statement on a passport application and to using a false Social Security number. After he waived the right to appeal his conviction, (Plea Agree. 6, Dkt. # 15), he was fined and sentenced to nine months' imprisonment and supervised release. On November 7, 2012, his attorney received permission to withdraw. Proceeding *pro se*, Defendant moves to stay his scheduled surrender to the Bureau of Prisons. A response from the Government is unnecessary.

Defendant has filed a mandamus petition and two appeals with the Sixth Circuit. 12-2193 (6th Cir. Sept. 20, 2012); 12-2257 (6th Cir. Oct. 1, 2012); 12-2322 (6th Cir. Oct. 11, 2012). However, the district court retains jurisdiction despite a petition for mandamus, *Ellis v. U.S. Dist. Court (In re Ellis)*, 360 F.3d 1022 (9th Cir. 2004); *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995), and the district court retains jurisdiction to issue orders pertaining to Defendant's release or custody during an appeal, *United States v. Krzyske*, 857 F.2d 1089 (6th Cir. 1988).

Defendant argues that he is entitled to have an attorney write and submit a motion to stay.  Although a defendant enjoys a Sixth Amendment right to counsel at each "critical stage" of a criminal prosecution, *United States v. Cronic*, 466 U.S. 648, 659 (1984), a post-sentence proceeding in the district court probably fails to qualify as a "stage" to which the Sixth Amendment can attach.  *See United States v. Taylor*, 414 F.3d 528, 536 (4th Cir. 2005); *United States v. Palomo*, 80 F.3d 138, 142 (5th Cir. 1996).  In any event, even if it qualifies as a "stage" in a criminal prosecution, a post-plea agreement, post-sentence motion in the district court is far less important than a "critical" stage, such as a direct appeal.  *Cf. Evitts v. Lucey*, 469 U.S. 387 (1985) (holding that a direct appeal as a matter of right is a "critical stage").  After all, a defendant, once sentenced, cannot withdraw a guilty plea, *see* Fed. R. Crim. P. 11(e), and a defendant attempting to reduce his sentence generally enjoys no right to counsel, *see United States v. Brown*, 565 F.3d 1093, 1094 (8th Cir. 2009) (collecting authority).  Neither law nor reason suggests that Defendant's post-sentence attempt to avoid reporting to prison amounts to a "critical" moment in this criminal action.

Although in an exceptional case the right to due process might require the presence of counsel during a post-conviction proceeding, *Taylor*, 205 F.3d at 730, this is not such a case.  Defendant says there are "substantial questions" about the propriety of his conviction, but he is quite wrong; there are no "substantial questions," because Defendant waived the right to challenge his conviction.  *See United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012).  Defendant asserts the absence of subject matter jurisdiction, but, as the Government has explained, (Dkt. # 29), the assertion is frivolous.

2

Title 18 U.S.C. § 3143(b)(1) governs Defendant's request for a stay. It allows the release of a person sentenced to imprisonment until the end of the person's appeal if, among other things, "clear and convincing evidence" shows "that the person is not likely to flee[.]" No evidence shows that Defendant is not a flight risk. To the contrary, Defendant is headed to prison for attempting to use a false name and Social Security number to obtain a passport, and the circumstances of Defendant's crime remain a mystery. Moreover, several of Defendant's statements to the court reveal a complete disregard for the authority of the Government, the judiciary, and the law. (*See, e.g.*, Def.'s Mot. Dis. 5, Dkt. # 28 ("The so called 'statutes' in the 'United States Code' are . . . surrounded by [] issues and facts which make their authority unknown or uncertain[.]"); *id.* at 6 (warning the court not to commit "acts of usurpation and tyranny").) Accordingly,

IT IS ORDERED that Defendant's "Emergency Motion for Stay of Voluntary Surrender Date" [Dkt. # 38] is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 17, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 17, 2012, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\11-20777.VAN.MotStaySurrender.ckb.wpd

3